LEWIS JONES, Respondent, *vs.* DAVID COOPER, Appellant.

APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

A mortgagee having paid taxes on the lands mortgaged, foreclosed by advertisement and set forth in the notice of sale as follows: "And whereas there is also claimed as a lien upon said mortgaged premises, the sum of ninety-one dollars and eighteen cents expended by said Lewis Jones, in payment of taxes upon said premises." *Held,* That there was sufficient stated in the notice to enable the mortgagee to claim a lien for the taxes paid by him under *sec.* 80, *p.* 244 *Comp. Stat.*

## Points and Authorities of Appellant.

I.—That where a mortgagee who seeks to collect taxes, which he claims to have paid on the mortgaged premises at the time of the foreclosure of the mortgage by advertisement, he must not only show by his notice the year or years for which the taxes were paid, the date of their payment and by whom the receipt or receipts were given, but that he is at the time the owner and holder of such receipt or receipts, and that he intends to collect the same pursuant to the statute in such cases made and provided, at the same time and in the same manner in which he seeks to collect his mortgage debt, describing his claim or receipt in his notice with the same particularity that the mortgage itself is required to be described. *Stat. Minn., p.* 244, *sec.* 80, (101.)

II.—That the notice of foreclosure in this case, by which the mortgagee attempted to collect taxes alleged to have been paid by him, was wholly insufficient and the foreclosure void. *Same authorities.*

## Points and Authorities of Respondent.

I.—The notice of mortgage sale stated sufficient to enable the mortgagee to foreclose for the taxes paid by him, as well as for the amount due on the note, in accordance with *sec.* 80

*of chap. 9 of page* 244 *of the Compiled Statutes.* Because—

1st. The fact that the mortgagee claimed an additional lien for $91.18, created by his having paid taxes on the property to that amount, was the only important one in that connection to be stated in the notice, either as regards the public or the mortgagor. It was unnecessary to state that the mortgagee held the tax receipts, for the statement of the fact that he had a lien, includes everything necessary to constitute the lien.

2nd. The Court below finds that the mortgagee had paid the amount claimed for taxes on the property, and held the tax receipts at the time the notice was given. Consequently the foreclosure was for the proper amount.

3rd. The statute above recited provides that the amount paid for taxes, and interest thereon, "shall be collectable with, as part of, and in the same manner as the amount secured by the original lien." And *section 5, of chapter* 75, *on page* 644 *of the Public Statutes,* provides what is necessary to be stated in the notice of sale to enforce the original lien ; one of which requisite is, "the amount claimed to be due thereon at the date of the notice." The notice did state correctly the amount due on the mortgage. If the amount paid for taxes had been simply added to the amount due on the note, and nothing had been said in the notice about taxes, it would have been a compliance with the statute and sufficient.

SMITH & GILMAN and R. F. CROWELL, Counsel for Appellant.

H. HALE and BOND & CLARK, Counsel for Respondents.

*By the Court.*—ATWATER, J.—This was an action of forcible entry and detainer, brought by Jones, the Respondent against Cooper, to obtain possession of certain premises of which Plaintiff claimed to be owner, by virtue of a purchase at a sale on foreclosure of a mortgage, given by Appellant to Respondent. The complaint sets out the facts in regard to the execution of the mortgage, default in payment, sale by advertisement, failure to redeem, sheriffs' deed, demand of possession, &c. The answer denied certain portions of the

complaint, and, among others, that the mortgage " was duly and fully foreclosed by a sale of the said mortgaged premises, in pursuance of the said power of sale in said mortgage contained.

There was judgment for the Plaintiff in the Justice's Court, and the Defendant appealed to the District Court, in which the judgment was affirmed, and Defendant brings the case by appeal to this Court.

It appears from the case that the Plaintiff, in foreclosing his mortgage by advertisement, sought to enforce a lien for taxes on the mortgaged premises, and inserted in his notice of sale the following in regard thereto, viz.: " and whereas there is also claimed, as a lien upon said mortgaged premises, the sum of ninety-one dollars and eighteen cents, expended by said Lewis Jones, in payment of taxes upon said premises," which it appears was the only statement or claim made in said notice relative to said lien for taxes.

The Appellant claims that this notice is defective; and that the party seeking to collect taxes which he claims to have paid on the mortgaged premises at the time of the foreclosure of the mortgage by advertisement, must show by his notice the year or years for which the taxes were paid, the date of their payment, by whom the receipt or receipts were given; that he is the owner and holder of such receipts, and that he intends to collect the same, pursuant to the statute in such case made and provided. And that the notice of foreclosure in this case, by which the mortgagee attempted to collect the taxes alleged to have been paid by him, was wholly insufficient and void

We think there was sufficient stated in the notice to enable the Plaintiff to claim a lien for the taxes paid by him upon the premises. *Sec.* 80, *p.* 244, *Compiled Statutes*, provides that " any person who has a lien by mortgage, or otherwise, upon any land on which the taxes have not been paid, may pay such taxes, and the interest or charges thereon; and the receipt of the person authorized to receive such tax, shall constitute an additional lien on such land, to the amount therein specified, and the interest thereon; and the amount so paid, and interest thereon, shall be collectable with, as part of, and

in the same manner," as the amount secured by the original lien."

This section provides what shall constitute a tax lien, and how the same may be enforced, to wit, "as a part of and in the same manner," as the amount of the original lien. Nothing is here said, at least in direct terms, as to what the notice of sale (by advertisement) must contain in reference to this tax lien; and *chap.* 75, *Comp. Stat.*, which treats of the requisites of foreclosure by advertisement, is silent on the subject. The letter of this statute does not justify the construction placed upon it by Appellant, to wit, that the notice of sale must state all the particulars suggested by him with reference to the payment of the tax; nor do we think its spirit or intent requires such particularity. The language, "as a part of, and in the same manner," &c., is intended rather to show the general manner, or proceeding, by which this lien is to be enforced, than to state the, or any, particulars requisite as to this special lien in the proceeding that may be adopted to enforce the original lien. The notice, in substance, advises the mortgagor, and all parties interested, that the mortgagee or owner of the mortgage has paid a certain amount of taxes upon the premises, and claims a lien therefor; and such notice satisfies, in our judgment, the object and intent of the statute. If the claim be unfounded in fact, the mortgagor, or his successors in interest, may resist the foreclosure to that extent, or have such redress or remedy as the law may provide. Further than this, we can see no practical benefit to any party in requiring greater particularity of description. It is true, indeed, that had the statute expressly required all the particulars suggested to be stated in the notice of sale in order to enforce this tax lien, we should not be justified in holding that they might be omitted, even though we could see no reason in such requirement. But such is not here the case. The foreclosure notice was in accordance with the requirements of Chap. 75, and the construction contended for by Appellant, is, at best, doubtful, and no reasons have been urged, nor do any occur to us, showing that its adoption would prevent any injustice, or better protect the rights of parties, either in the particular case at bar, or others of a like nature, and we

cannot hold the foreclosure void for any defect in the notice of sale.

Unless the foreclosure was absolutely void, there appears no ground for disturbing the judgment, since the case or paper book, shows no exceptions taken upon the trial, nor that the findings of fact are not sustained by the evidence. The Court found, among other facts, that the Plaintiff, prior to commencing proceedings for foreclosure of said mortgage, paid the sum of $91 18 taxes, duly assessed on said premises, and took receipts of the person authorized to receive said tax, showing that Plaintiff had paid that sum. It therefore appears in fact that the Plaintiff had secured the lien he was seeking to enforce through his notice of sale. And the view above expressed, with reference to the sufficiency of the notice, renders it unnecessary to examine the question raised by Respondent, as to whether the foreclosure would have been good as to the lien secured by the mortgage, had the notice been held defective as to the the tax lien.

The judgment below is affirmed.